UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN N. CORTEZ,<br><br>　　　　　　Petitioner,<br>v.<br><br>KEN CLARK, WARDEN,<br><br>　　　　　　Respondent, | Civil No. 10cv147 WMc<br><br>**ORDER: (1) GRANTING REQUEST FOR EXTENSION OF TIME [DOC. NO. 32]; (2) DENYING REQUEST FOR CERTIFICATE OF APPEALABILITY [DOC. NOS. 33, 34]; AND (3)DENYING PETITIONER'S MOTION FOR IFP AS MOOT [DOC. NO. 35.]** |

**A.  Petitioner's Motion for Extension of Time to File Appeal**

On March 14, 2011, this Court denied the Petition for writ of Habeas Corpus in the above-entitled case. [Doc. No. 31.] On April 13, 2011, Petitioner filed a Motion for an Extension of Time to file a Notice of Appeal. [Doc. No.32.] Under Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure, "[i]n a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c), the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after the judgment or order appealed from is entered."). The U.S. Supreme Court has made it "clear that the timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 127 S.Ct. 2360, 2366 (2007). A district court, however, has "limited authority to grant an extension of the 30-day time period" upon showing of excusable neglect or good cause. *Id.; see also* Fed. R. App. Rule 4(a)(5) (providing "the district court may extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its

motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.") Accordingly, the court may "be permitted where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer Inv. Serv's Co. v. Brunswick Assoc's*, 507 U.S. 380, 388 (1993). This is an "equitable" determination, and the court must consider "all relevant circumstances surrounding the party's omission." *Id.* at 395.

Here, Plaintiff claims he failed to file a timely notice of appeal due to a prison lockdown which affects his ability to conduct legal research . [Doc. No. 32.] The Court finds the ability to access the prison law library to prepare legal work under lockdown conditions is an intervening circumstance outside of the Petitioner's control. In the interest of justice and in light of the fact Petitioner's motion for extension is timely and unopposed, this Court finds good cause exists to **GRANT** Petitioner's motion for an extension of time to appeal.

Pursuant to Rule 4(a)(5)(c), upon granting an extension, the Court must give Petitioner a thirty-day extension from his original deadline or fourteen days from the date of an order granting an extension, whichever is later. *See* Fed. R.App. P. Rule 4(a)(5)(c). **Accordingly, the Court extends the time for Petitioner to file a notice of appeal to fourteen days from the date of this Order.**

**B.  Petitioner's Request for Certificate of Appealability**

On March 14, 2011, this Court issued an order denying the Petition for Writ of Habeas Corpus in the above-entitled case. [Doc. No. 31.] On May 6, 2011, Petitioner filed a motion for Certificate of Appealability. [Doc. No. 33.] A petitioner complaining of detention arising from state court proceedings must obtain a certificate of appealability ("COA") to file an appeal of the final order in a federal habeas proceeding. 28 U.S.C. § 2253(c)(1)(A). The court may issue a COA only if the petitioner "has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). To make a "substantial showing," the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In the present case, the Court finds Petitioner has not made a substantial showing of the denial of his constitutional rights and reasonable jurists would agree with this Court's resolution of Petitioner's constitutional claims. Accordingly, the Court **DENIES** a certificate of appealability.

**C. Motion for Leave to Appeal *In Forma Pauperis***

On May 6, 2011, Petitioner filed a motion to proceed *in forma pauperis* ("IFP") on appeal. [Doc. No. 35.] On April 1, 2010, Petitioner was granted IFP status by the Honorable Thomas J. Whelan. [Doc. No. 8.] Under 28 U.S.C. § 1915(b)(4), "in no event shall a prisoner be prohibited from bringing a civil action or **appealing a civil action** or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." 28 U.S.C. § 1915(b)(4) (emphasis added). Thus, IFP status typically carries forward throughout an appeal in the Ninth Circuit. Accordingly, the Court **DENIES Petitioner's Motion for IFP as Moot.** As explained above, Petitioner was previously granted and presently retains his IFP status which will continue for purposes of appeal.

**IT IS SO ORDERED.**

DATED: May 13 , 2011

_____
Hon. William McCurine, Jr.
U.S. Magistrate Judge
United States District Court